UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROGER GARRIE | * | CIVIL ACTION NO. 2:12-CV-1615 |
| | * | |
| V. | * | JUDGE MINALDI |
| | * | |
| AIU INSURANCE COMPANY, ET AL | * | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is the Motion to Remand by the plaintiffs, Harriet Ann Garrie and John

C. Garrie.  Docs. 4, 25.  For the reasons discussed herein, the motion is GRANTED.

*Background*

Mr. Roger Garrie instituted this action on September 2, 2011, in the Fourteenth Judicial

District Court in Calcasieu Parish, Louisiana, alleging he contracted malignant mesothelioma, a

form of lung cancer, as a result of his occupational exposure to asbestos-containing products

while working at various industrial sites.  Doc. 1, Atts. 4, 5.  Mr. Garrie died during the

pendency of the suit, and this court previously granted the motion of Harriet Ann Garrie and

John C. Garrie, Mr. Garrie's surviving spouse and son, respectfully, substituting them as

plaintiffs in the action.  Docs. 10, 11, 23.

Defendant Texaco Inc. (hereinafter "Texaco") removed the case to this court on June 13,

2012.  Texaco alleges that the case became removable by virtue of several developments in the

case.  It submits that this court has subject matter jurisdiction on the basis of diversity even

though there are several non-diverse defendants still involved in the litigation.  Texaco argues

that non-diverse defendants Anco Insulations Inc., Eagle Inc., and McCarty Corp. were

fraudulently/improperly joined, and Texaco argues that the plaintiffs settled their claims with the

non-diverse defendant executive officers of Cities Services (appearing as "Occidental Petroleum Corp." and "Canadianoxy Offshore Production Co." in the caption). Doc. 1.

Plaintiffs filed a Motion to Remand and put forth a number of reasons in support. They make two procedural arguments: (1) Texaco did not timely remove the suit from state to federal court and (2) Texaco failed to include a "short and plain statement" of the grounds for removal. Plaintiffs also make two substantive arguments in support of remand: (1) They submit that Texaco cannot meet their burden of demonstrating that non-diverse defendants Anco, Eagle, and McCarty were fraudulently/improperly joined and (2) They argue Texaco cannot demonstrate that there existed a binding settlement between plaintiffs and the various non-diverse executive officers of Cities Services. Doc. 4.

The parties exchanged several rounds of response and reply briefs arguing the merits of the Motion to Remand. Moreover, the undersigned also heard arguments on the motion on October 11, 2012, and took the matter under advisement.

After the hearing the undersigned was particularly concerned with the issue of whether a binding settlement existed between plaintiffs and the executive officers of Cities Services. On the one hand, the evidence presented did not definitively indicate the existence of a binding settlement. On the other hand, however, the circumstantial evidence overwhelmingly suggested that a binding agreement may have in fact existed.

The court raised the issue of jurisdictional discovery *sua sponte* on the belief that a limited inquiry into the question of settlement would facilitate an appropriate resolution of the jurisdictional question. Ultimately, the undersigned ordered the plaintiffs, Cities Services, and the executive officers of Cities Services to produce all written and electronic communications regarding the potential settlement of plaintiffs' claims against defendant Cities Services and the

defendant executive officers of Cities Services.  Doc. 41.  All counsel complied with that order.

Docs. 48, 49.

After reviewing the briefs and inspecting the electronic communications produced, the undersigned concludes that there was not a binding settlement agreement between plaintiffs and the executive officers of Cities Services.  Therefore, the motion is GRANTED and the case is REMANDED to the Fourteenth Judicial District Court of the State of Louisiana.  The undersigned does not reach the merits of plaintiffs' procedural arguments or plaintiffs' arguments with respect to fraudulent and/or improper joinder of non-diverse defendants.

### Law and Argument

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  The citizenship provision requires complete diversity among the parties.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Texaco recognizes in its Notice of Removal that there is an absence of complete diversity among the parties, including between plaintiffs and the defendant executive officers of Cities Services.  Texaco asserts, however, that it learned on June 7, 2012 that plaintiffs had settled their claims with defendant Cities Services and included the claims against the alleged executive officer defendants of Cities Services.  Doc. 1, p. 6.

Assuming that Texaco is correct that the citizenship of the other non-diverse defendants should not factor into the jurisdictional calculus because they were fraudulently/improperly joined, then the existence of a binding settlement would render the case removable to this court.

However, to the extent that the undersigned does find that a settlement in fact exists, such settlement must have occurred prior to the time of removal as "[t]he jurisdictional facts that support removal must be judged at the time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

In situations such as this where "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of . . . other paper from which it may first be ascertained that the case is one which . . . has become removable." 28 U.S.C. § 1446(b)(3). Settlement documents executed by a plaintiff may qualify as "other paper" when the documents show that the plaintiff no longer intends to proceed against a particular defendant. *See Hargrove v. Bridgestone/Firestone N.A. Tire, LLC*, No. 10-CV-0318, 2012 WL 692410, *3 (W.D. La. 3/2/2012) (listing cases).

Louisiana law refers to a settlement as a "compromise." *Townsend v. Square*, 94-0758 (La. App. 4 Cir. 9/29/94), 643 So. 2d 787, 788. "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. Civ. Code art. 3071. An alleged compromise needs to be "in writing or recited in open court" in order to have effect. La. Civ. Code art. 3072. "When a compromise effects . . . a renunciation of rights, the parties shall have the capacity . . . prescribed for the . . . renunciation." La. Civ. Code art. 3073.

Counsel for plaintiffs and Cities Services were acting as mandataries during settlement discussions—that is, there were given authority to transact business on behalf of their clients. La. Civ. Code art. 2989. And because that business involved a potential compromise, the parties must have expressly conferred that power upon their respective counsel in order have any civil effects. La. Civ. Code art. 2997(5).

Plaintiffs and Texaco have spent much time and energy debating the appropriate legal standard for determining whether a binding settlement exists under Louisiana law.[1]  The undersigned finds that there exists a more direct way to resolve the issue that neither party discussed.

Louisiana law is clear that mandatary authority to compromise a claim must be given expressly.  Counsel for Cities Service apparently had the general authority to negotiate settlement terms, we have been given no evidence that counsel had express authority to compromise the rights of their client.  *Sims v. USAgencies Cas. Ins. Co.*, 2010-1120, p. 8 (La. App. 1 Cir. 12/22/10), 68 So.3d 570, 575.

Plaintiffs have maintained from the outset that the negotiated settlement between the parties was not finalized.  Doc. 4, Att. 1, pp. 9, 11.  Kyla Cole, counsel for plaintiffs, testified in an affidavit that counsel for Cities Services' indicated that they lacked final settlement authority from their client.  Doc. 12, Att. 2.  The electronic communications confirm this affidavit testimony.[2]

The undersigned is mindful that the electronic communications produced for the *in camera* inspection may be protected by the attorney-client privilege and/or work-product doctrine, and it is not the intent of the undersigned to intrude upon either.  Without revealing the

---

[1] Texaco contends that the "proper focus is whether there has been 'an expression of intent by plaintiff' to settle." Doc. 30, p. 18 (citing *Hargrove v. Bridgestone/Firestone N.A. Tire, LLC*, No. 10-CV-0318, 2012 WL 692410, *4 (W.D. La. 3/2/2012).  On the other hand, plaintiffs argue that there must be "evidence unequivocally showing" that an "irrevocable, binding, and enforceable" settlement agreement exists.  Doc. 31, p. 3 (citing *Landry v. Eagle*, No. 12-1022, 2012 WL 2338736, *7, *8 (E.D. La. Jun. 19, 2012).
[2] After the electronic documents regarding potential settlement were produced to the undersigned for an *in camera* inspection, counsel for Texaco, Gary Bezet, wrote chambers to ensure that the communications included correspondence to and from plaintiffs' settlement counsel Mark Iola.  Doc. 50.  Without discussing the substance of the electronic communications, the undersigned can assure Mr. Bezet that the production included many electronic communications from Mr. Iola to various counsel on both sides of the case and that Mr. Iola's communications helped the court to resolve the issue.

names of the parties or the substance of the various correspondences, the undersigned believes that it can safely relate that the communications demonstrate a number of things.

Counsel for plaintiffs and Cities Services negotiated a tentative settlement; however, counsel for both sides lacked final authority to create an enforceable settlement.  In the case of Cities Services, the communications indicate that counsel needed final authority from (1) general counsel in light of the settlement amount, and (2) various insurers that provided coverage during the periods of exposure.  Counsel for Cities Services requested such authority and nothing produced indicates that counsel had received final word by time of removal.  Accordingly, the domiciles of the non-diverse Cities Service executive officers must be considered in this jurisdictional analysis.

Plaintiffs have also requested the court to award attorneys fees because removal was improper.

The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c).  *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000).  The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally improper.'"  *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir.2004) (quoting *Valdes,* 199 F.3d at 293).

We find that removing party's belief of settlement was objectively reasonable given the circumstances known to it at the time of removal.  Accordingly plaintiff's motion for attorney's fees is DENIED.

A separate order of remand is being issued herewith.  As set forth in that order, the effect of the order will be suspended for a period of fourteen (14) days from today's date to allow the

parties to appeal to the district court for review. Should either party seek review from the district court, then the effect of this order is suspended until final resolution of the issue by the district court.

THUS DONE this 23rd day of January, 2013.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE